IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JUSTIN CRAIG HUNT**                                                          **PLAINTIFF**

v.                  **NO. 4:22-cv-00973-LPR**

**UNITED PARCEL SERVICE, INC.**                                 **DEFENDANT**

## ORDER

Plaintiff Justin Craig Hunt ("Hunt") alleges that he became disabled while employed by defendant United Parcel Service, Inc. ("UPS"). He then requested benefits under the UPS/IBT Full-Time Employee Pension Plan ("Plan"). His claim was denied because he only had 3.60 years of service credit, not the "at least 10 Years" as required by Section 3.1 of the Plan.[1]

---

[1] Section 3.1 provides, in part, the following:

Effective for monthly disability benefits that commence after March 31, 2010, to become eligible for a monthly disability benefit a Participant must have at least 10 Years of Service Credit at the time he stops working in Covered Employment and become Disabled before his 62nd birthday and while he is an Active Participant or within 2 calendar years after becoming an Inactive Participant, and must not have elected a lump sum disability benefit under the UPS National LTD Plan.

See Docket Entry 15-1 at CM/ECF 7, 120.

Hunt began this case by filing a two-count complaint pursuant to the Employee Retirement Income Security Act ("ERISA"). In count one, he alleged that his claim for benefits was denied in violation of the Summary Plan Description and Plan terms. In count two, he alleged that UPS failed to timely respond to his requests for documents. UPS responded to the complaint by filing an answer and the administrative record.

Hunt subsequently filed a one-page, combined objection to the administrative record and motion for limited discovery. See Docket Entry 14. In the motion, he maintained that the administrative record is incomplete, and there is a need for additional evidence and discovery. He supported his assertions with his declaration, one in which he attested to, inter alia, his work history with UPS. Additionally, he alleged the following:

> ... current Department of Labor Regulations require insurance companies to promulgate procedures in order to ensure that consistent claims decisions are made. ... Thus, Plaintiff seeks discovery on whether these administrative procedures have been created and, if so, what these administrative procedures require. Plaintiff also seeks a Rule 30(b)(6) corporate representative in order to testify about the manner in which these administrative precedents were applied in the present case. If there are no administrative procedures, or, if no such administrative procedures were applied in this case, then this could be evidence of procedural irregularities sufficient to trigger a less deferential review. Finally, Plaintiff seeks the same discovery Judge Howard allowed in Barham v. Reliance Standard, ...

See Docket Entry 14 at CM/ECF 1. Hunt accompanied his motion with his proposed discovery, which consists of eight requests for production and nine interrogatories. The discovery asks UPS to provide documents and information about such things as the administrative guidelines used to consider Hunt's claim for benefits, the identity of the people involved in denying his claim, and whether they had a financial interest in denying the claim.

UPS filed a response to Hunt's motion and opposed his request for additional evidence and discovery for several reasons. UPS maintained, in part, that his declaration has no relevance with respect to whether he is eligible for benefits. UPS notes that his claim for benefits was denied because he did not have at least ten years of service credit, and the question whether he is disabled for purposes of the Plan was not considered. UPS maintained that nowhere in the declaration does Hunt demonstrate he earned at least ten years of service credit. Moreover, "[t]here is no indication that discovery would produce any information to show that [he] actually had 10 Years of Service Credit." See Docket Entry 16 at CM/ECF 2. UPS additionally observed that many of the documents, and much of the information, sought in the discovery are already a part of the administrative record.

3

The scope of discovery in an ERISA case is more limited than generally allowed under Federal Rule of Civil Procedure 26(c). See Galm v. Eaton Corp, 360 F.Supp.2d 978 (N.D. Iowa 2005).[2] Although limited, discovery is nevertheless allowed in order for a claimant to know whether the review of his claim for benefits complied with plan documents and whether the review was conducted pursuant to some internal rule, guideline, protocol, or other similar criterion. See Faulkner v. Metropolitan Life Insurance Co., No. 4:05-cv-01313-JLH, Docket Entry 10. Limited discovery also appears to be allowed in order to assist the Court in evaluating the following:

> ... 1) the exact nature of the information considered by the fiduciary in making the decision; 2) whether the fiduciary was competent to evaluate the information in this administrative record; 3) how the fiduciary reached its decision; 4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a 'fair and full review' of the claim; and 5) to determine whether a conflict of interest existed." Cerrito v. Liberty Life Assur. Co. of Boston, 209 F.R.D. 663, 664 (M.D. Fla. 2002) (citing cases).

See Barham v. Reliance Standard Insurance Company, No. 4:03-cv-00785-GH, Docket Entry 10 at CM/ECF 1.

---

[2] "At the heart of ERISA is an effort to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators." See Faulkner v. Metropolitan Life Insurance Co., No. 4:05-cv-01313-JLH, Docket Entry 10 at CM/ECF 3 (internal quotation marks and citations omitted).

The Court has reviewed several cases from this judicial district in which a motion for limited discovery in an ERISA case was addressed. See Jones v. United Parcel Service, Inc., No. 4:19-cv-00240-BSM, Docket Entry 12; Mohlke v. Metropolitan Life Insurance Company, No. 4:10-cv-01995-JLH, Docket Entry 24; Hare v. Hartford Life & Accident Insurance Company, No. 4:09-cv-00883-JMM, Docket Entry 12; Westbrook v. Georgia Pacific Corp., No. 4:05-cv-01331-GE, Docket Entry 28, 2006 WL 2772822 (E.D. Ark. Sept. 26, 2006); Faulkner v. Metropolitan Life Insurance Co., supra; and Barham v. Reliance Standard Insurance Company, supra. On the basis of that review, the Court finds that Hunt's motion will be granted in one respect but denied in all other respects for the following reasons.

First, Hunt is entitled to know whether UPS's review of his claim for benefits complied with Plan documents. See Faulkner v. Metropolitan Life Insurance Co., supra. He failed, though, to set forth any facts in support of his motion and failed to identify a specific document, record, or other information not currently in the administrative record that he believes he has been denied. For instance, the Plan, an explanation of its terms, and the reason for the denial of his claim are all a part of the administrative record. It is not clear what other relevant document, record, or other information he believes he is entitled to receive.

Second, Hunt is entitled to know whether UPS's review of his claim for benefits was conducted pursuant to some internal rule, guideline, protocol, or other similar criterion. See Faulkner v. Metropolitan Life Insurance Co., supra.[3] It is not clear whether the review of his claim was conducted pursuant to some internal rule, guideline, protocol, or other similar criterion, and, if the review were so conducted, whether the internal rule, guideline, protocol, or other similar criterion is currently a part of the administrative record. UPS is therefore ordered to apprise him whether the review of his claim was conducted pursuant to some internal rule, guideline, protocol, or other similar criterion, and, if the review were so conducted, to provide him with the internal rule, guideline, protocol, or other similar criterion.[4]

---

[3] "If the plan administrator relies upon an internal rule, guideline, protocol, or other similar criterion in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion must be provided to the claimant or, in the alternative, a statement that the plan relied upon the rule, guideline, protocol, or other similar criterion and that a copy of such will be provided free of charge to the claimant upon request." See Faulkner v. Metropolitan Life Insurance Co., No. 4:05-cv-01313-JLH, Docket Entry 10 at CM/ECF 6 (citing 29 C.F.R. 2650.503-1(j)(5)(i)).

[4] UPS represents that "this is not a case about the assessment of medical evidence to determine disability" as the question whether Hunt is disabled for purposes of the Plan was not considered. See Docket Entry 16 at CM/ECF 6. Given that representation, it may well be that the review of his claim for benefits was not conducted pursuant to some internal rule, guideline, protocol, or other similar criterion. Nevertheless, he is entitled to know whether the review was conducted pursuant to some internal rule, guideline, protocol, or other similar criterion.

Third, with respect to all other discovery-related issues, it is incumbent upon Hunt to "specifically demonstrate" why discovery is necessary to prove a "particular theory and to show that the discovery is more than a fishing expedition." See Westbrook v. Georgia Pacific Corp., 2006 WL 2772822, 4. He failed, though, to specifically demonstrate why discovery is necessary as his motion is devoid of any facts. It is true he offers his own declaration, see Docket Entry 14, Exhibit A, and the proposed discovery, see Docket Entry 14, Exhibit B, in support of his assertions that the administrative record is incomplete and additional evidence and discovery is necessary. The Court declines the invitation to wade through the declaration and proposed discovery, ascertain which facts and discovery are germane to this case, and then determine whether they justify the discovery he now seeks.

Last, as the Court has noted, Hunt offers no facts to support his motion. Without the benefit of facts, it is impossible to know whether discovery might assist the presiding judge in this case with evaluating the matters noted in Barham v. Reliance Standard Insurance Company.

It is for these reasons that Hunt's motion for discovery is granted in one respect. UPS is given up to, and including, June 28, 2023, to apprise him whether the review of his claim was conducted pursuant to some

internal rule, guideline, protocol, or other similar criterion, and, if the review were so conducted, to provide him with the internal rule, guideline, protocol, or other similar criterion. His motion is denied in all other respects.

IT IS SO ORDERED this 16th day of June, 2023.

_____
UNITED STATES MAGISTRATE JUDGE